IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DAVID CARROLL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:20-cv-532-SMD |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| *Acting Commissioner of Social Security*,[1] | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION & ORDER

In July 2020, Plaintiff David Carroll ("Carroll") filed for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. He alleged disability beginning October 21, 2017. Carroll's application was denied at the initial administrative level, and he received a partially favorable decision after a hearing before an Administrative Law Judge ("ALJ"). Carroll appealed the ALJ's decision to the Social Security Appeals Council, and the Appeals Council denied review. Consequently, the ALJ's decision became the final decision of the Commissioner of the Social Security Administration ("Commissioner"). *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Carroll now appeals that decision under 42 U.S.C. § 405(g).[2] For the reasons that

---

[1] Kilolo Kijakazi, the acting Commissioner of the Social Security Administration, is substituted for Andrew Saul as Defendant in his official capacity in this action under Federal Rule of Civil Procedure 25(d)(1).

[2] Under 28 U.S.C. § 636(c), the parties have consented to the undersigned Chief United States Magistrate Judge conducting all proceedings and entering final judgment in this appeal. Pl.'s Consent (Doc. 9); Def.'s Consent (Doc. 10).

follow, the undersigned REVERSES and REMANDS the Commissioner's decision.

## I.   STATUTORY FRAMEWORK

The Social Security Act establishes the framework for determining who is eligible to receive Social Security benefits. *Martin v. Sullivan*, 894 F.2d 1520, 1530 (11th Cir. 1990). In making a benefits determination, an ALJ employs a five-step process:

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or medically equal one of the specific impairments set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?

20 C.F.R. § 404.1520(a); 20 C.F.R § 416.920(a)(4). "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of not disabled." *McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3] A claimant bears the burden of proof through step four. *See Wolfe v. Chater*, 86 F.3d 1072, 1077 (11th Cir. 1996). The burden shifts to the Commissioner at step five. *Id.*

## II.   STANDARD OF REVIEW

A federal court's review of the Commissioner's decision is limited. A court will affirm the Commissioner's decision if the factual findings are supported by substantial evidence and the correct legal standards were applied. *Kelley v. Apfel*, 185 F.3d 1211, 1213

---

[3] *McDaniel* is a SSI case. SSI cases arising under Title XVI of the Social Security Act are appropriately cited as authority in Title II cases, and vice versa. *See, e.g.*, *Smith v. Comm'r of Soc. Sec.*, 486 F. App'x 874, 875 n.* (11th Cir. 2012) (per curiam) ("The definition of disability and the test used to determine whether a person has a disability is the same for claims seeking disability insurance benefits or supplemental security income.").

(11th Cir. 1999) (citing *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997)). A court may reverse the Commissioner's final decision when it is not supported by substantial evidence or the proper legal standards were not applied in the administrative proceedings. *Carnes v. Sullivan*, 936 F. 2d 1215, 1218 (11th Cir. 1991).[4]

  "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Despite the limited nature of review, a court must scrutinize the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987); *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986). However, a court may not decide the facts anew or substitute its judgment for that of the Commissioner. *Cornelius*, 936 F. 2d at 1145.

## III.    ANALYSIS

Carroll challenges, *inter alia*, the ALJ's findings at step three of the five-step sequential disability analysis. At step three, the ALJ must determine whether a claimant meets or equals a disability described in the Listing of Impairments, which sets forth impairments that are severe enough to prevent a person from performing gainful activity. *Davis v. Shalala*, 985 F.2d 528, 532 (11th Cir. 1993). Here, the ALJ found that "prior to March 13, 2019," Carroll "did not have an impairment or combination of impairments that

---

[4] A court is required to give deference to factual findings, with close scrutiny to questions of law. *Cornelius v. Sullivan*, 936 F. 2d 1143, 1145 (11th Cir. 1991).

meets or medically equals the severity of one of the listed impairments[.]" Tr. 26.[5] Carroll argues that the ALJ erred in this determination because his impairments met or equaled Listing 1.06. Pl.'s Br. (Doc. 15) p. 12.

The Commissioner did not file a brief opposing Carroll's argument, and the time for doing so has passed. *See* Order (Doc. 3) p. 2 (providing that "[w]ithin 30 days after Plaintiff's brief is filed, Defendant shall file a reply brief and file with the court a complete copy of the administrative record. Defendant is specifically DIRECTED to address **all of the contentions and arguments** made by the claimant in the same order in which the plaintiff has made them in his brief") (emphasis in original). Although the Commissioner has not opposed Carroll's argument, to remand under sentence four of 42 U.S.C. § 405(g), the Court must first find that the Commissioner's "decision is not supported by substantial evidence, or that the Commissioner (or the ALJ) incorrectly applied the law relevant to the disability claim." *Jackson v. Chater*, 99 F.3d 1086, 1092 (11th Cir. 1996). Thus, a sentence-four remand must "accompany a final judgment affirming, modifying, or reversing the administrative decision." *Melkonyan v. Sullivan*, 501 U.S. 89, 101-02 (1991). Accordingly, because "a sentence-four remand is unavailable without a substantive decision on the merits," *Reeves v. Comm'r, Soc. Sec. Admin.*, 817 F. App'x 898, 901 (11th Cir. 2020), the undersigned will address Carroll's argument and will not remand simply because the argument is unopposed.

---

[5] The Court ordered the Commissioner to file the administrative transcript along with her responsive brief, *see* Order (Doc. 3) p. 2, but the Commissioner failed to do so. Thus, the citations to the administrative transcript contained in this Opinion are generated from the citations contained in Carroll's brief opposing the Commissioner's decision.

Listing 1.06 requires, in relevant part, a "[f]racture of the femur, tibia, pelvis, or one or more of the tarsal bones" with an "[i]nability to ambulate *effectively* . . . and return to *effective* ambulation did not occur or is not expected to occur within 12 months of onset." 20 C.F.R. § Pt. 404, Subpt. P, App. 1, § 1.06 (emphasis added). Inability to ambulate effectively "means an extreme limitation of the ability to walk . . . that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities[.]" Appendix 1 § 1.00B2b(1)-(2). Examples of ineffective ambulation include "the inability to walk a block at a reasonable pace on rough or uneven surfaces," "the inability to carry out routine ambulatory activities," and "the inability to climb a few steps at a reasonable pace with the use of a single hand rail." *Id.*

In finding that Carroll did not meet Listing 1.06, the ALJ reasoned that "[t]he medical evidence indicated that [Carroll] could ambulate within 12 months[.]" Tr. 26. But under Listing 1.06, the ALJ was required to determine whether Carroll could *effectively* ambulate within 12 months. If he could not, he would meet that portion of the Listing. The ALJ's finding that Carroll *could ambulate* is not equivalent to a finding that Carroll *could effectively ambulate*. And because the Listing requires the latter finding, the Court will not assume that the ALJ found Carroll's ambulation effective. As such, substantial evidence does not support the ALJ's step three determination and remand is warranted.

V.      **CONCLUSION**

As explained above, the decision of the Commissioner is REVERSED and REMANDED.  A separate judgment will issue.

DONE this 4th day of April, 2023.

Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE